UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PETER DAZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-0316-JMS-MPB |
| | ) |
| STATE OF INDIANA, | ) |
| RUSSELL FOWLER, Dist. Deputy Commissioner, | ) |
| NINA DANIEL, District HR Manager, and | ) |
| VALERIE COCKRUM, Tech. Services Director, | ) |
| in their official and individual capacities, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S STATEMENT OF CLAIMS

Plaintiff Peter Daza, by counsel, pursuant to the Case Management Plan, states his claims as follows:

Plaintiff's claims are for discrimination and retaliation based on political association and speech, race, color, and age, pursuant to the First and Fourteenth Amendments to the Constitution of the United States of America, pursuant to the Civil Rights Act of 1866, Title 42, United States Code, Section 1981 and related sections, pursuant to the Civil Rights Act of 1871, Title 42, United States Code, Section 1983 and related sections, pursuant to Title VII of the Civil Rights Act of 1964 as amended, Title 42, United States Code, Section 2000e and related sections, pursuant to the Civil Rights Act of 1991, Title 42, United States Code, Section 1981a and related sections, and pursuant to the Age Discrimination in Employment Act of 1967 as amended, Title 29, United States Code, Section 621 and related sections.

In order to simplify the case, Plaintiff does not pursue claims pursuant to the Americans With Disabilities Act of 1990 ("ADA") as amended, Title 42, United States Code, Section 12101 and

related sections and plaintiff does not pursue claims pursuant to the Rehabilitation Act of 1973, Title 29, United States Code, Section 794 and related sections.

Plaintiff states that the legal theories are discrimination and retaliation under the direct method using both direct and circumstantial evidence, the indirect method using both direct and circumstantial evidence, and the totality of the evidence combining the direct and indirect methods using both direct and indirect evidence as explained in Instruction Number 1.12 of the Federal Civil Jury Instructions of the Seventh Circuit. It states as follows:

> The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

The Seventh Circuit has emphasized that after considering all of the evidence, the ultimate question is whether the Defendant would not have made the same decision if Plaintiff had been outside the protected class but everything else had been the same. Seventh Circuit Instructions 3.01, 3.02, 3.04, and 3.05A; *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765-767 (7th Cir. 2016).

    Respectfully submitted,

    s/ Richard L. Darst
Cohen Garelick & Glazier
8888 Keystone Crossing Boulevard
Suite 800
Indianapolis, Indiana  46240-4636
Telephone (317) 573-8888
Facsimile  (317) 574-3855
Email rdarst@cgglawfirm.com

<u>Certificate of Service</u>

I certify that a copy of the foregoing was filed electronically on the 22nd day of January, 2018. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Benjamin C. Ellis
    Andrew C. Scheil
    Benjamin M.L. Jones
    Deputy Attorneys General
    Office of the Indiana Attorney General
    Indiana Government Center South, 5th Floor
    302 W. Washington Street
    Indianapolis, IN 46204-2770
    Benjamin.Ellis@atg.in.gov
    Andrew.Scheil@atg.in.gov
    Benjamin.Jones@atg.in.gov

                                                      s/ Richard L. Darst